## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

HECTOR MOLINA and VICTOR CAMPOS,
*on behalf of themselves, FLSA Collective Plaintiffs*
*and the Class,*

          Plaintiffs,

        v.

SA MIDTOWN LLC,
      d/b/a CASA LEVER,
265 LAFAYETTE RISTORANTE LLC
      d/b/a SANT AMBROEUS,
1000 MADISON L.L.C.
      d/b/a SANT AMBROEUS,
REALTEK L.L.C.
      d/b/a SANT AMBROEUS,
BAILEY'S RESTAURANT L.L.C.
      d/b/a SANT AMBROEUS
CAFÉ FOCACCIA, INC.
      d/b/a FELICE 64
EIGHTY THIRD AND FIRST LLC
      d/b/a FELICE 83,
FELICE GOLD STREET LLC
      d/b/a FELICE 15 GOLD ST,
SA 61ST MANAGEMENT LLC
      d/b/a THE REGENCY BAR & GRILL,
SA HOSPITALITY GROUP, LLC,
GHERARDO GUARDUCCI,
and DIMITRI PAULI,

          Defendants.

Civ. No.: 15-cv-07643

A. Nathan, J.

------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO RULE 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

JACKSON LEWIS P.C.
*ATTORNEYS FOR DEFENDANTS*
58 South Service Rd., Ste. 250
Melville, New York 11747
(631) 247-0404

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. iii

PRELIMINARY STATEMENT ............................................................................................ 1

SUMMARY OF ALLEGATIONS ........................................................................................ 2

LEGAL STANDARD ........................................................................................................... 2

ARGUMENT ......................................................................................................................... 3

I.   PLAINTIFFS FAIL TO STATE A CLAIM UNDER THE FLSA ........................... 3

    A.   Purported Tip Credit Notice Claim .................................................................. 4

    B.   Purported "Twenty Percent Rule" Claim under the FLSA .............................. 5

        i.   The Claim That the Tip Credit Should Be Invalidated for Periods
           Where Plaintiffs Spent More Than 20% of Their Time Performing
           Allegedly Non-tipped Duties Fails to State a Claim as a Matter of
           Law ............................................................................................................ 5

        ii.  The Complaint Contains No Facts That Make it Plausible That
           Plaintiffs Were Employed in Dual Jobs or Otherwise Spent 20% of
           Their Working Time on Non-Tipped Activities ........................................ 6

    C.   The Purported FLSA Tip Pooling Claim Also Fails As a Matter of Law ................ 7

    D.   As Plaintiffs' FLSA Claims Should Be Dismissed, This Court Should
        Decline Supplemental Jurisdiction .................................................................. 8

II.  EVEN IF PLAINTIFFS PROPERLY HAVE ALLEGED AN FLSA CLAIM,
    PLAINTIFFS' COMPLAINT FAILS TO ALLEGE FACTS SUFFICIENT TO
    STATE A CLAIM AGAINST ANY DEFENDANT OTHER THAN CASA
    LEVER ....................................................................................................................... 9

    A.   Plaintiffs' Complaint Fails to Allege Facts Sufficient to State a Claim
        Against the Corporate Defendants Other Than Casa Lever ..................................... 9

        i.   Employer Standard under the FLSA ................................................................ 9

        ii.  Plaintiffs Do Not Allege Facts To Support A Finding That Any
           Corporate Defendant Other Than Casa Lever Is An Employer ..................... 11

    B.   Plaintiffs' Complaint Fails to Allege Facts Sufficient to State a Claim That
        the Individual Defendants Were Their Employers or Joint Employers ..................... 15

        i.   Employer Standard for Individuals under the FLSA ....................................... 15

ii.    Plaintiffs Do Not Allege Facts That Satisfy the Employer Standard as to the Individual Defendants..................................................................18

CONCLUSION............................................................................................................................19

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

CASES

*Arencibia v. 2401 Rest. Corp.*,
    834 F. Supp. 2d 164 (D.D.C. 2011) ....................................................................7, 8

*Ashby v. Nat'l Freight, Inc.*,
    Case No. 8:07-cv-898-T-30MSS, 2007 U.S. Dist. LEXIS 80437 (M.D. Fla. Oct. 30,
    2007) ....................................................................................................................17

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .............................................................................................2, 3

*Baez v. New York*,
    56 F. Supp. 3d 456 ..................................................................................................3

*Barfield v. N.Y.C. Health and Hosps. Corp.*,
    537 F.3d 132 (2d Cir. 2008)...................................................................................10

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)................................................................................................3

*Birch v. Pioneer Credit Recovery, Inc.*,
    06 Civ. 6497 (MAT), 2007 U.S. Dist. LEXIS 41834 (W.D.N.Y. June 8, 2007).......8

*Bravo v. Eastpoint Int'l, Inc.*,
    No. 99 CV 9474 (WK), 2001 U.S. Dist. LEXIS 3647 (S.D.N.Y. Mar. 30, 2001) ......18

*Cannon v. Douglas Elliman, LLC*,
    No. 06 Civ 7092 (NRB), 2007 U.S. Dist. LEXIS 91139 (S.D.N.Y. Dec. 10, 2007)...............14

*Diaz v. Consortium for Worker Educ., Inc.*,
    No. 10 Civ. 08148 (LAP), 2010 U.S. Dist. LEXIS 107722 (S.D.N.Y. 2010).................11, 13

*Garcia v. Koning Rests. Int'l, L.C.*,
    No. 12-CV-23629-HUCK, 2013 U.S. Dist. LEXIS 186533 (S.D. Fla. May 10, 2013) ...........4

*Hart v. Crab Addison, Inc.*,
    13-CV-6458 CJS, 2014 U.S. Dist. LEXIS 85916 (W.D.N.Y. June 24, 2014) .........7

*Herman v. RSR Sec. Servs.*,
    172 F.3d 132 (2d Cir. 1999)................................................................................9, 15

*Irizarry v. Catsimatidis*,
    722 F.3d 99 (2d Cir. 2013)....................................................................................15

*Juarez v. 449 Rest., Inc.*,
    29 F. Supp. 3d 363 ...............................................................................................14

*Krumholz v. Vill. of Northport,*
   873 F. Supp. 2d 481 (E.D.N.Y. 2012) ...................................................................8

*Lans v. Kiska Constr. Corp.,*
   No. 96 Civ. 4114 (KMW)(AJP), 1997 U.S. Dist. LEXIS 21271 (S.D.N.Y. Apr. 18,
   1997) .................................................................................................................13

*Lopez v. Acme Am. Envtl. Co.,*
   No. 12 Civ. 511 (WHP), 2012 U.S. Dist. LEXIS 173290 (S.D.N.Y. Dec. 6, 2012) ....... passim

*Lundy v. Catholic Health Sys. of Long Island, Inc.,*
   711 F.3d 106 (2d Cir. 2013).............................................................................3

*Ouedraogo v. A-1 Int'l Courier Serv., Inc.,*
   12-cv-5651-AJN (S.D.N.Y.)...........................................................................14

*Pellon v. Business Representation International, Inc.,*
   528 F. Supp. 2d 1306 (S.D. Fla. 2007), *aff'd,* 291 Fed. Appx. 310 (11th Cir. 2008)...............5

*Roberts v. Apple Sauce, Inc.,*
   945 F. Supp. 2d 995 (N.D. Ind. 2013) .................................................................6

*Sampson v. MediSys Health Network, Inc.,*
   No. 10 Civ. 1342, 2012 U.S. Dist. LEXIS 103052 (E.D.N.Y. July 24, 2012) .................11, 13

*Santana v. Fishlegs, LLC,,*
   No. 13 Civ. 01628(LGS), 2013 U.S. Dist. LEXIS 150530 (S.D.N.Y. Nov. 7, 2013) ... 12-3, 15

*Stoganovic v. Dinolfo,*
   461 N.Y.S.2d 121 (4th Dep't 1983), *aff'd,* 61 N.Y.2d 812 (1984)............................................9

*Townsend v. BG-Meridian, Inc.,*
   No. CIV-04-1162-F, 2005 U.S. Dist. LEXIS 45200 (D. Okla Nov. 7, 2005) ...........................6

*Tracy v. NVR, Inc.,*
   04 CV 6541L, 2009 U.S. Dist. LEXIS 90778 (W.D.N.Y. Sept. 30, 2009), *aff'd in
   relevant part at* 667 F. Supp. 2d 244 (W.D.N.Y. 2009) ...........................................16

*Williams v. City of New York,*
   03 Civ. 5342 (RWS), 2005 U.S. Dist. LEXIS 26143 (S.D.N.Y. Nov. 1, 2005).......................2

*Wolman v. Catholic Health,*
   853 F. Supp. 2d 290 (E.D.N.Y. 2012) ...................................................10, 17, 18

*Wolman v. Catholic Health Sys. of Long Island,*
   10-cv-1326 (JS)(ETB), 2012 U.S. Dist. LEXIS 21654 (E.D.N.Y. Feb. 16, 2012)............16, 17

*Xue Lian Lin v. Comprehensive Health Mgmt.,*
   08 CV 6519 (PKC), 2009 U.S. Dist. LEXIS 29779 (S.D.N.Y. Apr. 8, 2009).........9, 16, 18, 19

*Zheng v. Liberty Apparel Co.,*
    355 F.3d 61 (2d Cir. 2003)...............................................................10, 12

**STATUTES**

23 U.S.C. §§ 203(m), (t) ...............................................................................5

29 U.S.C. § 203(d) .......................................................................................9

29 U.S.C. § 203(g) .......................................................................................9

29 U.S.C. § 203(m) ...................................................................................5, 7

New York Labor Law ("NYLL") ..................................................................1

NYLL ...........................................................................................2, 9, 11, 15

**OTHER AUTHORITIES**

29 C.F.R. 531.59(b) .....................................................................................4

29 C.F.R. §§ 531.56(a) ................................................................................5

29 C.F.R. § 531.56(e) ..................................................................................6

29 CFR § 531.59(b) .....................................................................................4

32 Fed. Reg. 13575 ......................................................................................5

Federal Rule of Civil Procedure 8(a)(2) ......................................................3

Federal Rule of Civil Procedure 12(b)(6) ...........................................1, 2, 3, 8

Rep. No. 89-1366 .........................................................................................5

S. Rep. No. 89-1487 (1966) .........................................................................5

Defendants SA Midtown LLC, 265 Lafayette Ristorante LLC, 1000 Madison LLC, Realtek LLC, Bailey's Restaurant LLC, Cafe Focaccia, Inc., Eighty Third and First LLC, Felice Gold Street LLC, SA 61st Management LLC, SA Hospitality Group, LLC (the "Corporate Defendants"), Gherardo Guarducci and Dimitri Pauli (the "Individual Defendants" and together with the Corporate Defendants collectively "Defendants") submit this Memorandum of Law in Support of their Motion to Dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]

## PRELIMINARY STATEMENT

Defendants move to dismiss the Complaint because Plaintiffs fail to state a claim under the Fair Labor Standards Act ("FLSA"). Plaintiffs' Complaint includes only conclusory allegations referencing – but insufficient to demonstrate the plausibility of – an FLSA claim. Because the Court lacks federal question jurisdiction absent a claim under the FLSA, the Court should abstain from exercising pendent jurisdiction over Plaintiffs' New York Labor Law ("NYLL") claims. Should the Court determine that Plaintiffs have alleged an FLSA claim against the sole Corporate Defendant constituting their employer (which it should not), Defendants move to dismiss the nine remaining Corporate Defendants, as well as the two Individual Defendants, all of which have been sued by, but never did employ, Plaintiffs. The Complaint alleges that Plaintiffs both worked at Casa Lever restaurant. Beyond these allegations, the Complaint sets forth nothing more than boilerplate resuscitations of the applicable legal standard and conclusory allegations regarding the alleged involvement of these nine Corporate Defendants and two Individual Defendants in an attempt to inappropriately expand the scope of this action. The Complaint does not plead facts sufficient to render plausible that the nine additional Corporate Defendants or the Individual Defendants exercised

[1] A copy of Plaintiffs' Complaint dated September 28, 2015 is attached as Exhibit A to the Declaration of Noel P. Tripp, Esq. in Support of Defendants' Motion to Dismiss Plaintiffs' Complaint.

any formal or functional control over Plaintiffs. Such factually barren allegations do not satisfy the *Iqbal/Twombly* pleading standard. Therefore, Plaintiffs' FLSA and NYLL claims against these Defendants merit dismissal.

## SUMMARY OF ALLEGATIONS

Plaintiffs Hector Molina and Victor Campos ("Plaintiffs") bring this putative class and collective action against the Corporate and Individual Defendants. Compl. ¶¶ 7-10. Plaintiffs were employed as busboys at Casa Lever, a Manhattan restaurant operated by Corporate Defendant SA Midtown LLC ("Casa Lever"). *Id.* ¶¶ 8(a), 25, 27. Plaintiffs allege in boilerplate fashion that all twelve Defendants were their employer under the FLSA and inappropriately took a "tip credit" pursuant to the FLSA because: (i) they failed to provide notice of the tip credit to Plaintiffs and putative class and collective action members in violation of the FLSA; (ii) Plaintiffs and putative class and collective members allegedly spent more than 20% of their time on non-tipped duties in violation of the FLSA; and, (iii) Defendants implemented an invalid tip pool in violation of the FLSA. *Id.* ¶¶ 30-34, 43, 51. As noted above, Plaintiffs' allegations regarding the eleven non-Casa Lever Defendants' involvement in their employment are devoid of factual content regarding the relationship between those Defendants and Plaintiffs.

## LEGAL STANDARD

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must "construe the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *See Williams v. City of New York*, 03 Civ. 5342 (RWS), 2005 U.S. Dist. LEXIS 26143, at *5 (S.D.N.Y. Nov. 1, 2005) (internal citations omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As a result, legal conclusions "must be supported by factual allegations."

*Id.* at 679. Accordingly, to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Under Federal Rule of Civil Procedure 8(a)(2), a 'plausible' claim contains 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Rather, the factual allegations must "possess enough heft to show that the pleader is entitled to relief." *Id.* at 557. Thus, unless a plaintiff's well-pleaded allegations have "nudged [his] claims across the line from conceivable to plausible, [the plaintiff's] complaint must be dismissed." *Id.* at 570; *see Iqbal*, 556 U.S. at 680. As this Court has observed, "a court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Baez v. New York*, 56 F. Supp. 3d 456, 466 (S.D.N.Y. 2014) (quoting *Twombly*, 550 U.S. at 544) (dismissing discrimination claims for failure to plead facts sufficient to raise an inference that the reason Plaintiff was not promoted was her national origin).

## ARGUMENT

### I.   PLAINTIFFS FAIL TO STATE A CLAIM UNDER THE FLSA

Plaintiffs allege three insufficiently-pled (i.e., devoid of factual support) violations under the FLSA: (1) failure to inform them of the tip credit; (2) improper claiming of the tip credit because Plaintiffs spent more than 20% of their time performing non-tipped activities; and (3) improper retention of gratuities. As explained below, Plaintiffs have failed to

allege sufficient particularized facts to support each of these claims, thereby warranting dismissal.

### A.   Purported Tip Credit Notice Claim

First, as to the tip credit notice claim, Plaintiffs allege, without any factual support whatsoever, that Defendants "(i) failed to properly provide tip credit notice in violation of the FLSA; (ii) failed to inform them that the tip credit claimed by Defendants cannot exceed the amount of tips actually received by them in violation of the FLSA; (iii) failed to inform [them] that all tips received by them are to be retained by them except pursuant to a valid tip pooling arrangement in violation of the FLSA; [and] (iv) failed to inform [them] that [the] tip credit will not apply unless them [sic] have been informed of the foregoing tip credit notice requirement in violation of the FLSA." Compl. ¶ 30.[2] Plaintiffs' allegations parrot – verbatim – the language of 29 CFR § 531.59(b). They provide no facts that support a claim that Casa Lever did not notify them of its intent "to treat tips as satisfying part of the employer's minimum wage obligations." *Garcia v. Koning Rests. Int'l, L.C.*, No. 12-CV-23629-HUCK, 2013 U.S. Dist. LEXIS 186533, at *12 & n. 3 (S.D. Fla. May 10, 2013) (rejecting tip credit notice claim because "section 531.59(b) does not require employers to do anything other than what they were already obligated to do under [the FLSA]") (internal quotes omitted). Plaintiffs' conclusory allegations are insufficient to demonstrate they have a plausible tip credit notice claim under the FLSA.[3]

---

[2] *See* 29 C.F.R. 531.59(b) (An employer is eligible to take the credit if it has informed its employees in advance of the employer's use of the tip credit of the provisions of section 3(m) of the Act, i.e.: The amount of cash wage that is to be paid to the tipped employee by the employer; the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee; that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and that the tip credit shall not apply to any employee who has not been informed of these requirements in this section.").

[3] Plaintiff Molina was hired prior to the May 5, 2011 effective date of this regulation, and his claims based upon its language must be dismissed in any case. Compl. ¶ 25.

B.     **Purported "Twenty Percent Rule" Claim under the FLSA**

    i.     **The Claim That the Tip Credit Should Be Invalidated for Periods Where Plaintiffs Spent More Than 20% of Their Time Performing Allegedly Non-tipped Duties Fails to State a Claim as a Matter of Law**

Nothing in the FLSA or the corresponding Department of Labor regulations limits the amount of time a tipped employee may spend on any particular activity within the tipped occupation. Plaintiffs both affirmatively allege employment in a tipped occupation. Ex. A ¶¶ 25, 27 (Plaintiffs both were bussers). The 20% rule upon which Plaintiffs seek to rely is unsupported by the statute, regulations, or legislative history. The text of the FLSA permits the tip credit to apply based on the "occupation" in which the employee is engaged and whether he or she receives at least $30 a month in tips "customarily and regularly." 23 U.S.C. §§ 203(m), (t). The text of the Act makes no distinction between duties *within* the occupation that are tip-producing or non-tip producing. *See id.* Additionally, there is not a single sentence in the legislative history of Sections 203(m) or (t) that mentions or supports any distinction between duties which directly generate tips and those which may not. *See* S. Rep. No. 89-1487, at 10 (1966); H. Rep. No. 89-1366, at 11, 14, 17 (1966), attached to Tripp Decl. as Exs. B & C.

Following the enactment of 29 U.S.C. § 203(m), the Department of Labor ("DOL") issued regulations addressing tipped employment, codified at 29 C.F.R. §§ 531.50-.60, 32 Fed. Reg. 13575 (September 28, 1967), attached to Tripp Decl. as Ex. D. Those regulations, consistent with the statute, provide that the tip credit applies based on the "occupation" of the employee. *See, e.g.*, 29 C.F.R. §§ 531.56(a); 531.51; 531.57. And, like the text of the FLSA, the regulations do not contain any distinction between duties that are tip-producing and non-tip producing, let alone impose a 20% limitation. The Department of Labor's 20% rule, which was added without prior notice to the public or comment into its internal Field Operations Handbook, is entitled to no deference and should be rejected, as the Eleventh Circuit did in *Pellon v.*

*Business Representation International, Inc.*, 528 F. Supp. 2d 1306 (S.D. Fla. 2007), *aff'd,* 291 Fed. Appx. 310 (11th Cir. 2008).[4]

> ii.     **The Complaint Contains No Facts That Make it Plausible That Plaintiffs Were Employed in Dual Jobs or Otherwise Spent 20% of Their Working Time on Non-Tipped Activities**

Even assuming *arguendo* that Plaintiffs could rely on the 20% rule to invalidate the tip credit under federal law, Plaintiffs allege only that they "were required to engage more than 20% of their working time in non-tipped activities . . . such as cleaning the bar, removing all garbage from the restaurant, and setting up and breaking down the patio." Compl. ¶ 31. Notably, Plaintiffs fail to allege when these activities were performed (i.e., during service or not). As such, these allegations are not entitled to an abstract presumption that they were not tip-producing, and Defendants were entitled to take a tip credit. *Roberts v. Apple Sauce, Inc.*, 945 F. Supp. 2d 995, 1002 (N.D. Ind. 2013) ("Putting aside the degree of deference owed to the Field Operations Handbook . . . the cases, together with the regulations and interpretive guidance, lend no merit to the Plaintiff's proposition that duties like food preparation and general cleaning around the dining room cannot be incidental to the regular duties of a server").

Furthermore, Plaintiffs fail to allege *any* particularized facts to support their claim they spent more than 20% of their working time on these conclusorily-stated non-tipped activities. Instead, Plaintiffs merely allege, in conclusory fashion, that they "spent 50% of their time on performing non-tipped duties." Ex. A ¶ 31. At a minimum, Plaintiffs must allege

---

[4] *See P.F. Chang China Bistro, Inc.*, CV-14-465-PHX-SMM, 2014 U.S. Dist. LEXIS 105444, at *14, n. 6 (D. Ariz. Aug. 1, 2014) ("Given th[e] Supreme Court mandate in *Christensen*, and the lack of any controlling Ninth Circuit precedent, the Court does not follow or adopt the rationale of giving deference to DOL's sub-regulation, § 30d00(e) by other courts under the facts of this case. . . . Moreover, as already noted, the applicable regulation, 29 C.F.R. § 531.56(e), does not cap the amount of hours that servers may perform related non-tipped duties before becoming classified as a dual employee, having both tipped and non-tipped occupations.") (internal citations omitted); *see also Townsend v. BG-Meridian, Inc.*, No. CIV-04-1162-F, 2005 U.S. Dist. LEXIS 45200, *17-20 (D. Okla Nov. 7, 2005) (applying tip credit to waitress whose "primary duty" was a waitress but spent time performing non-tipped duties holding, "a tipped employee's status does not change simply because she is called upon to perform non-tipped duties related to her job").

specific workweeks during which they purportedly spent more than 20% of their working time on non-tipped activities. *See Hart v. Crab Addison, Inc.*, 13-CV-6458 CJS, 2014 U.S. Dist. LEXIS 85916, at \*37, 39 (W.D.N.Y. June 24, 2014) (dismissing non-tipped work claim where plaintiffs "never allege[d] . . . any particular workweek" during which their hourly wages were less than the federal minimum wage and requiring "some specific information").

C.     **The Purported FLSA Tip Pooling Claim Also Fails As a Matter of Law**

Third, as to the improper tip pool claim, Plaintiffs allege that "[f]rom in or about 2010 to 2013, Defendants established an invalid tip pooling policy where Defendants' management (also referred to as 'captains'), retained and shared in the tips of the tipped employees even though they did not serve customers," thereby invalidating Defendants' taking of a tip credit under the FLSA. Compl. ¶ 32; *see Arencibia v. 2401 Rest. Corp.*, 834 F. Supp. 2d 164, 175 (D.D.C. 2011) (lawful tip pool, a precondition for taking a tip credit under 29 U.S.C. § 203(m), cannot include individuals meeting the definition of an "employer" under the FLSA). Plaintiffs do not identify any of these alleged improper tip participants by name, even though, notably, they identify the individuals they believed to be their "employers" in the Complaint – the Individual Defendants! Plaintiffs fail to plead *any* particularized facts regarding the duties of these captains, or how captains qualify as "employers" under the FLSA. Plaintiffs do not, for example, claim that the captains hired or fired them, supervised and controlled their work schedules, determined their rate and method of payment, or maintained their employment records. Tellingly, Plaintiffs do *not* plead that captains did not handle customer complaints and related service issues. *Garcia v. La Revise Assocs.*, No. 08 Civ. 9356 (LTS) (THK), 2011 U.S. Dist. LEXIS 3325, at \*20 (S.D.N.Y. Jan. 13, 2011) ("Captains' duties included ascertaining guest satisfaction and resolving any issues that might arise in that connection . . . These duties constitute more than de minimis customer interaction" and demonstrated lawful tip pool

participation.).   Contrary to Plaintiffs' conclusory allegations, individuals holding *bona fide* service captain positions are properly tipped employees, and even a service employee's mistaken perception regarding such an employee's authority cannot create an issue of fact. *Arencibia*, 831 F. Supp. 2d at 176 ("Plaintiffs' testimony that they perceived [fine dining maître d'] to have hired them (to the extent even Plaintiffs testified as such) does not create a genuine dispute.   At best, Plaintiffs can testify only to their *perception* of [his] authority.   None of the Plaintiffs have any personal knowledge of [that] authority").   Where captains handle customer complaints and related service issues (and Plaintiffs do not allege otherwise), they are properly tipped employees.   Plaintiffs do not plead to the contrary, and accordingly, Plaintiffs' FLSA claims should be dismissed.

### D.   As Plaintiffs' FLSA Claims Should Be Dismissed, This Court Should Decline Supplemental Jurisdiction

Absent "'exceptional circumstances,' where federal claims can be disposed of pursuant to Rule 12(b)(6) or summary judgment grounds, federal courts should 'abstain from exercising pendent jurisdiction.'" *Birch v. Pioneer Credit Recovery, Inc.*, 06 Civ. 6497 (MAT), 2007 U.S. Dist. LEXIS 41834, at *15 (W.D.N.Y. June 8, 2007) (quoting *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 53 (2d Cir. 1986)).   Factors to consider in assessing whether "exceptional circumstances" which might warrant the exercise of such jurisdiction are present include "(1) the length of time the matter has been pending before the federal court; (2) the proximity of the trial date; and (3) the predominance of issues of federal, as opposed to local concern." *Birch*, 2007 U.S. Dist. LEXIS 41834, at *16 (citing *McLearn v. Cowen & Co.*, 660 F.2d 845 (2d Cir. 1981)).   Such circumstances are not present here.   Even in FLSA cases proceeding to the summary judgment stage, New York federal courts have declined to exercise such jurisdiction where summary judgment disposes of federal claims. *See, e.g., Krumholz v. Vill. of Northport*, 873 F. Supp. 2d 481, 492 (E.D.N.Y. 2012) ("[T]he Court declines to retain

jurisdiction over the remaining state law claims given the absence of any federal claim that survives the summary judgment motion and dismisses any such claims without prejudice"). Lacking federal question jurisdiction, the Court should dismiss the balance of Plaintiffs' Complaint without prejudice.

## II.   EVEN IF PLAINTIFFS PROPERLY HAVE ALLEGED AN FLSA CLAIM, PLAINTIFFS' COMPLAINT FAILS TO ALLEGE FACTS SUFFICIENT TO STATE A CLAIM AGAINST ANY DEFENDANT OTHER THAN CASA LEVER[5]

### A.   Plaintiffs' Complaint Fails to Allege Facts Sufficient to State a Claim Against the Corporate Defendants Other Than Casa Lever

#### i.   Employer Standard under the FLSA

To be held liable under the FLSA, a person or entity must be deemed an "employer." 29 U.S.C. § 203(d).   An entity or individual "employs" an individual if it "suffer[s] or permit[s]" that individual to work.   29 U.S.C. § 203(g).   Pursuant to the FLSA, "the overarching concern is whether the alleged employer possessed the power to control the workers in question . . . with an eye to the 'economic reality' presented by the facts of each case." *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 139 (2d Cir. 1999); *see also Lopez v. Acme Am. Envtl. Co.*, No. 12 Civ. 511 (WHP), 2012 U.S. Dist. LEXIS 173290 at *3 (S.D.N.Y. Dec. 6, 2012). The economic reality test generally considers four relevant factors: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled the employee work schedules or schedules of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Herman*, 172 F.3d at 139 (quoting *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984)); *see also Lian Lin*, 2009 U.S. Dist. LEXIS 29779, at *7 (failure to allege "allege any facts regarding the positions held by the Individual

---

[5] The entirety of this section applies equally to Plaintiffs' claims under the NYLL.   *See Xue Lian Lin v. Comprehensive Health Mgmt.*, 08 CV 6519 (PKC), 2009 U.S. Dist. LEXIS 29779, at *5-6 (S.D.N.Y. Apr. 8, 2009). Defendants reserve –but need not address here – all other defenses regarding the legal deficiency of claims against the non-Casa Lever Defendants under the NYLL.   *See, e.g., Stoganovic v. Dinolfo*, 461 N.Y.S.2d 121, 122-23 (4th Dep't 1983) (no direct individual liability under NYLL), *aff'd*, 61 N.Y.2d 812 (1984).

Defendants or their power to control plaintiffs' hours, wages, or other terms and conditions of employment" required dismissal of FLSA claims against such individual defendants). These factors help to determine whether an entity exercised formal control over an employee.

The economic reality test is useful because "when an entity exercises those four prerogatives, that entity, in addition to any primary employer, must be considered a joint employer." *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 67 (2d Cir. 2003). Alternatively, an entity may functionally control workers even when it does not formally control them. *See Zheng*, 355 F.3d at 67 (2d Cir. 2003). The Second Circuit analyzes functional control through a six-part test: "(1) whether [Defendants'] premises and equipment were used for the plaintiffs' work; (2) whether [Defendants] had a business that could or did shift as a unit from one putative joint employer to another; (3) the extent to which plaintiffs performed a discrete line-job that was integral to [Defendants'] process of production; (4) whether responsibility under the contracts could pass from one subcontractor to another without material changes; (5) the degree to which the [] Defendants or their agents supervised plaintiffs' work; and (6) whether plaintiffs worked exclusively or predominantly for the [] Defendants." *Id.*[6] The formal and functional tests for employment are non-exhaustive and not "rigid rule[s]." *Barfield v. N.Y.C. Health and Hosps. Corp.*, 537 F.3d 132, 143 (2d Cir. 2008).

Importantly, Courts in this District have repeatedly recognized that "companies that are part of an 'integrated enterprise' or 'engaged in a joint venture' may nevertheless employ separate people and, *absent control*, are not liable for the separate employees of joint ventures." *Lopez*, 2012 U.S. Dist. LEXIS 173290, at *4 (emphasis added) (citing *Cannon v. Douglas Elliman, LLC*, No. 06 Civ 7092 (NRB), 2007 U.S. Dist. LEXIS 91139, at *10-11 (S.D.N.Y. Dec.

---

[6] Defendants note that the functional *Zheng* test was developed to address the scenario – common in the pieceworker industry and dating back decades – where a dominant client functionally controlled the operations of a subcontractor. Such a scenario is not present here; Plaintiffs were employed by Casa Lever to work in the restaurant.

10, 2007)); *see, e.g., Wolman v. Catholic Health*, 853 F. Supp. 2d 290, 298 (E.D.N.Y. 2012) (holding that allegations "which perhaps establish[] some general commonalities between Defendants" do not establish control such that joint employment is adequately plead); *Sampson v. MediSys Health Network, Inc.*, No. 10 Civ. 1342, 2012 U.S. Dist. LEXIS 103052, at *12 (E.D.N.Y. July 24, 2012) (holding that although plaintiffs' allegations "may suggest some kind of affiliation among the defendants," they were insufficient to allege a joint employer relationship); *Diaz v. Consortium for Worker Educ., Inc.*, No. 10 Civ. 08148 (LAP), 2010 U.S. Dist. LEXIS 107722, at *10 (S.D.N.Y. 2010) (holding that allegation which "only shows that defendants shared a common goal" is insufficient to qualify defendants as joint employers).

    ii.    **Plaintiffs Do Not Allege Facts To Support A Finding That Any Corporate Defendant Other Than Casa Lever Is An Employer**

For example, in *Lopez*, plaintiffs sought unpaid overtime wages from several corporate defendants pursuant to the FLSA and NYLL. Plaintiffs alleged that all of the corporate defendants (1) were under common control, (2) operated from a single facility and shared key employees, including a bookkeeper, an accountant, and a general manager, and (3) shared a common clientele and worked for the common purpose of providing a full range of services to companies with commercial kitchens. 2012 U.S. Dist. LEXIS 173290, at *10. In granting a motion to dismiss the corporate entities, the Court found that "[a]lthough they allege an 'integrated enterprise,' Plaintiffs cannot escape their obligation under the FLSA to allege a relationship of control between the Corporate Moving Defendants *and themselves*." *Id.* at *11 (emphasis added). Because the plaintiffs did not allege any particularized facts which demonstrated that the "economic reality" of the relationship between the plaintiffs and the corporate defendants was one of control, the Court held that plaintiffs did not state an FLSA claim against the corporate defendants and dismissed the complaint as asserted against them. *Id.* at *12-14. The Court also found insufficient the pleadings to establish that the affiliated

corporate defendants exercised functional control over the plaintiffs. *Id.* For instance, the *Lopez* plaintiffs did not allege that any of the corporate defendants supervised or controlled their work schedules, or facts indicating functional control under the Second Circuit's six-part *Zheng* test described above.

Similarly, in *Santana v. Fishlegs, LLC*, the plaintiffs asserted claims for unpaid wages and overtime against seven corporate restaurant defendants, five of which never employed them. No. 13 Civ 01628 (LGS), 2013 U.S. Dist. LEXIS 159530 (S.D.N.Y. Nov. 7, 2013). Nonetheless, the plaintiffs alleged the seven corporate defendants were a single integrated enterprise with shared ownership, operations, marketing, recruiting, employment methods and human resources personnel. *Id.* at *12. Despite these allegations, the Court dismissed the five corporate defendants that never employed the plaintiffs, finding the single integrated enterprise doctrine inapplicable based on insufficient pleadings. *Id.*[7]

Plaintiffs both allege they worked at Casa Lever. Compl. ¶¶ 25, 27. Plaintiffs' allegations against the Corporate Defendants other than Casa Lever, in their entirety, are the same cosmetic and conclusory allegations deemed insufficient in *Lopez* and *Santana*, as follows:

- "The Corporate Defendants, directly and indirectly, jointly own and operate the . . . restaurants as a single integrated enterprise." Compl. ¶ 7;
- The Corporate Defendants operate out of a "central office." Compl. ¶ 7;
- The Corporate Defendants "operate as a single integrated enterprise, controlled and owned under the umbrella entity, SA HOSPITALITY GROUP, LLC [and] are engaged in related activities, share common ownership and have a common business purpose." Compl. ¶ 11;
- The Corporate Defendants "are advertised jointly as a common enterprise on Defendants' website www.sahospitalitygroup.com. The SA Hospitality Group website's 'Restaurant Page' lists all locations and has a subpage for each location." Compl. ¶ 11(a);
- Each Corporate Defendant "subpage advertises the other restaurants and has links to each location." Compl. ¶ 11(b);
- Each Corporate Defendant "subpage has a 'Join Our Team' link that is directed to the SA Hospitality Group E-mail Page." Compl. ¶ 11(c);

---

[7] Plaintiffs' counsel was counsel for Plaintiffs in the *Santana* matter.

- "The SA Hospitality Group website's 'Special Events Page' links to the Sant Ambroues website's 'Special Events Page' where all the restaurants are listed with details for events." Compl. ¶ 11(d);
- "The SA Hospitality Group website has a 'Reservations Page' where reservations can be made for any of the eight out of eleven restaurants that take reservations." Compl. ¶ 11(e);
- "Restaurant materials are interchangeable and used at different locations.   For example Sant Ambroues and Casa Lever share a breakfast menu that advertises both restaurants." Compl. ¶ 11(f);
- The Corporate Defendants "are controlled by a central office . . . where operations are headquartered." Compl. ¶ 11(g);
- The Individual Defendants "commonly own and operate the Restaurants." Compl. ¶ 11(h);
- The Corporate Defendants "have a common business purpose under the management and control of SA Hospitality Group." Compl. ¶ 11(i).

Here, as in *Lopez* and *Santana*, although Plaintiffs allege the Corporate Defendants are an "integrated enterprise," Compl. at ¶¶ 7, 11, they fail to plead, as they must under the FLSA, sufficient particularized facts which show a relationship of control between the Corporate Defendants other than Casa Lever and themselves.   The "fundamental" question is whether *each* Corporate Defendant had the ability to control Plaintiffs' employment. *See Lopez*, 2012 U.S. Dist. LEXIS 173290, at *11 ("[A]llegations of common ownership and common purpose, without more, do not answer the fundamental question of whether each corporate entity controlled Plaintiffs as employees."); *Sampson*, 2012 U.S. Dist. LEXIS 103052, at *12 (dismissing FLSA claims against those defendants which plaintiffs failed to allege "had any direct role in hiring or firing the plaintiffs . . . supervised or controlled their work schedules . . . [or] had any direct role in controlling the plaintiffs' conditions of employment or determining their rate and method of payment"); *Diaz*, 2010 U.S. Dist. LEXIS 107722, at *10 (dismissing FLSA claims against defendants because "[t]he complaint contains no facts that indicate that [the defendant] had any direct role in managing the plaintiffs, hiring or firing the plaintiffs, determining their working hours, or maintaining employment records" to demonstrate that defendants were plaintiffs' employer); *cf. Lans v. Kiska Constr. Corp.*, No. 96 Civ. 4114

13

(KMW)(AJP), 1997 U.S. Dist. LEXIS 21271, at *16 (S.D.N.Y. Apr. 18, 1997) (dismissing entity as plaintiff's "employer" where plaintiff failed to assert any "*facts* supporting the employment relationship" and merely set forth "in conclusory terms that the [defendant] is her 'employer'").

Allegations that related establishments share an Internet hub, for example, do not tend to show common control. For example, such a test would make all the franchisees (and the franchisor) of almost every franchised entity in America "joint employers." This is not the law.

Plaintiffs do not set forth a *single* factual allegation which even suggests that any one of the Corporate Defendants other than Casa Lever exercised control over the terms and conditions of Plaintiffs' employment. *See, e.g., Cannon,* 2007 U.S. Dist. LEXIS 91139, at *12 (dismissing FLSA claims and holding that "beyond reciting the elements of a joint employer arrangement, plaintiffs have not shown that [the alleged employer] did, in fact, play a role in supervising plaintiffs' work"). Plaintiffs do not claim that any particular Corporate Defendants other than Casa Lever hired or fired them, supervised and controlled their work schedules, determined their rate and method of payment, or maintained their employment records.

The instant allegations are thus distinguishable from this Court's decision in *Juarez v. 449 Rest., Inc.,* 29 F. Supp. 3d 363, 367-368 (S.D.N.Y. 2014), where Plaintiffs' "cosmetic" allegations of integrated or joint operations (such as those outlined above) were simply backdrop for his core allegation: that he himself performed work at the three Moonstruck Diner locations in question, a bona fide factual allegation tending to show centralized labor policy. There are no such allegations here, nor could be. Casa Lever is a separately operated establishment. That it markets with other related entities on the Internet is of no moment. This scenario bears greater similarity to *Ouedraogo v. A-1 Int'l Courier Serv., Inc.,* 12-cv-5651-AJN (S.D.N.Y.), where this Court determined that conditional certification of the collective action in

that was necessarily limited to "Plaintiff's own declaration regarding his experience at the Long Island City facility" and other evidence relating to that facility. *Ouedraogo* DKT 105 at 2.

Plaintiffs also have failed to plead, as they must under the FLSA, sufficient, particularized facts which show any functional relationship between the Corporate Defendants other than Casa Lever and themselves. *See Lopez*, 2012 U.S. Dist. LEXIS 173290, at *12 (complaint allegations alleging defendants shared a common bookkeeper, accountant, and general manager, absent more, was insufficient to state a cause of action under the FLSA against other entities that did not employ Plaintiffs); *Santana*, 2013 U.S. Dist. LEXIS 159530, at *23 (complaint allegations alleging corporate defendants shared ownership, operating, marketing, recruiting, employment methods and human resources, without more, was insufficient to state a cause of action under the FLSA against other entities that did not employ Plaintiffs). Plaintiffs' allegations relating to common marketing and menus, absent any allegations that actually relate to the individual Plaintiffs, are inadequate to survive dismissal at the pleading stage.

Put simply, the Complaint lacks the necessary factual allegations that plausibly link the other Corporate Defendants to Plaintiffs. Instead, Plaintiffs offer boilerplate allegations under the FLSA directed to "Defendants" generally which lack specifics to any particular Corporate Defendant other than Casa Lever. *See generally* Compl. ¶¶ 14-25, 27.

Accordingly, with the exception of Casa Lever, the Corporate Defendants – entities for which Plaintiffs never worked – should be dismissed.

**B.    Plaintiffs' Complaint Fails to Allege Facts Sufficient to State a Claim That the Individual Defendants Were Their Employers or Joint Employers**

**i.    Employer Standard for Individuals under the FLSA**

The analysis of whether individuals constitute employers within the meaning of the FLSA also hinges on the economic reality rather than technical concepts. *Irizarry v. Catsimatidis*, 722 F.3d 99, 104 (2d Cir. 2013) (internal citation omitted); *see also Herman*, 172

F.3d at 139.  Courts applying the economic realities test have found that, "[g]enerally, corporate officers and owners held to be employers under the FLSA have had some direct contact with the plaintiff employee, such as *personally* supervising the employee's work, determining the employee's day-to-day work schedule or tasks, signing the employee's paycheck or directly hiring the employee." *Tracy v. NVR, Inc.*, 04 CV 6541L, 2009 U.S. Dist. LEXIS 90778, at *15 (W.D.N.Y. Sept. 30, 2009)(emphasis added), *aff'd in relevant part at* 667 F. Supp. 2d 244 (W.D.N.Y. 2009).

In *Pazos v. Le Bernardin Inc.*, 11 cv 8360 (RJS), (S.D.N.Y. Apr. 27, 2012), Judge Sullivan dismissed claims under the FLSA against two individually-named restaurant owners after concluding the plaintiffs failed to sufficiently allege facts to satisfy the economic realities test.  In granting the defendants' motion to dismiss, the Court ruled that, other than a conclusory reference to the individual defendants' "power to hire and fire" employees, there were "really no facts . . .  indicat[ing] the degree or the amount of interaction or control that the individual defendants have over [the] individual plaintiffs."[8]

Similarly, in *Lian Lin*, Judge Castel found allegations similar to those asserted in the Complaint inadequate to nudge a complaint past a motion to dismiss. *Lin*, 2009 U.S. Dist. LEXIS 29779, at *7-8.  Employees of Comprehensive Health Management, Inc. ("CMHI") sued CMHI as well as various individual employees of CHMI, all as "employers" pursuant to the FLSA. *Id.* at *2.  The Court noted the complaint did not sufficiently allege the degree of control by each individual defendant over the "plaintiffs' hours, wages, or other terms and conditions of employment" to characterize them as "employers" pursuant to the FLSA. *Id.* at *7.

---

[8] A copy of Judge Sullivan's April 27, 2012 Order, as well as the pertinent portions of the underlying transcript from the oral argument during which the defendants' motion was granted, is attached to Tripp Decl. as Ex. E. *See* Transcript at 8-9.

Judge Seybert reached the same conclusion in *Wolman v. Catholic Health Sys. of Long Island*, 10-cv-1326 (JS)(ETB), 2012 U.S. Dist. LEXIS 21654 (E.D.N.Y. Feb. 16, 2012), where the Court applied the economic realities test to an individually-named defendant and concluded that the plaintiffs failed to assert that he "exercised sufficient control over [them] to be considered their employer." *Id.* at *18. In its assessment, the Court focused on the following complaint allegations regarding the individually-named defendant:

> (1) he is the President, CEO, and Director of CHS....; (2) his responsibilities include "actively managing [CHS]...," "mak[ing] decisions regarding benefits for the staff...," and "mak[ing] decisions that concern defendants' operations and significant functions, including functions related to employment, human resources, training and payroll...;" and (3) he was "involved in creating and/or implementing of the [sic] illegal policies complained of in this case...."

*Id.* Although the *Wolman* Court noted that the complaint asserted that the individually-named defendant had "at least some control over the [p]laintiffs' 'method of payment' because he was involved in creating and implementing [a pay] policy," the Court nevertheless ruled that "the 'economic reality,' considering the totality of the circumstances, [was] that [the individually-named defendant] did not 'possess[] the power to control the workers in question.'" *Id* at *18-19. In dismissing the plaintiffs' claims against the individually-named defendant, the Court ruled that the plaintiffs' complaint was devoid of any facts that *he* ever had contact with the lead plaintiffs or "operational control" over the employing entity. *Id.* at *19; *see also Ashby v. Nat'l Freight, Inc.*, Case No. 8:07-cv-898-T-30MSS, 2007 U.S. Dist. LEXIS 80437, at *3 (M.D. Fla. Oct. 30, 2007) (dismissing FLSA claim against individual defendant because plaintiff "ha[d] not alleged what level of operational control or authority, if any, [the individual defendant] had over [p]laintiff's compensation, schedule, or workload").

ii.       **Plaintiffs Do Not Allege Facts That Satisfy the Employer Standard as to the Individual Defendants**

As with the Corporate Defendants, Plaintiffs fail to plead sufficient, particularized facts which might support a claim that the Individual Defendants were their employers or joint employers.   The only allegations against the Individual Defendants state, without any factual support whatsoever, that:

- They "are the owners and principals of the Corporate Defendants." Compl. ¶ 10;
- They "exercise operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class." *Id.*;
- They "exercise the power to (and also delegate to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class at each of the Restaurants." *Id.*; and
- They "founded SA Hospitality Group in 2003 as partners." Compl. ¶ 11(h).

Notably, Plaintiffs do *not* allege that they ever spoke with or had any direct interaction with the Individual Defendants or that the Individual Defendants *actually* set Plaintiffs' terms and conditions of employment.  *See Wolman*, 2011 U.S. Dist. LEXIS 48223, at *3.  If either of the Individual Defendants hired or fired Plaintiffs, supervised or scheduled Plaintiffs, determined Plaintiffs' rate of pay, or maintained the employment records for Plaintiffs, Plaintiffs should so claim in the Complaint.  Instead, Plaintiffs gloss over the need to assert specific factual allegations by merely regurgitating the applicable legal test and lumping together the Individual Defendants and the Corporate Defendants.  *See, e.g., Lian Lin*, 2009 U.S. Dist. LEXIS 29779, at *7 (dismissing complaint that "does not allege any facts regarding the positions held by the Individual Defendants or their power to control plaintiffs' hours, wages, or other terms and conditions of employment"); *Bravo v. Eastpoint Int'l, Inc.*, No. 99 CV 9474 (WK), 2001 U.S. Dist. LEXIS 3647, at *4-5 (S.D.N.Y. Mar. 30, 2001) (dismissing FLSA claim against fashion designer Donna Karan as employer because plaintiffs only alleged her status as the owner and chairperson of employer company and failed to allege any facts establishing her

"power to control the plaintiff workers"). This inadequate pleading is a poor substitute for properly pled allegations that the Individual Defendants are "employers" within the meaning of the FLSA – a prerequisite for proceeding against the Individual Defendants. *See Lian Lin*, 2009 U.S. Dist. LEXIS 29779, at *5.

Accordingly, all claims against the Individual Defendants should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiffs' Complaint be dismissed in its entirety for failure to state a claim under the FLSA, the sole federal statute at issue. Alternatively, Defendants respectfully request that the Complaint, as asserted against Defendants other than Casa Lever, be dismissed with prejudice for failure to state a claim.

Dated: Melville, New York
       November 20, 2015

Respectfully submitted,

JACKSON LEWIS P.C.
*ATTORNEYS FOR DEFENDANTS*
58 South Service Rd., Ste. 250
Melville, New York  11747
(631) 247-0404

By: _____
     NOEL P. TRIPP, ESQ.
     RICHARD I. GREENBERG, ESQ.

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2015, the enclosed MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO RULE 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE was electronically filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, the Southern District's Local Rules, and the Southern District's Rules on Electronic Service, upon the following parties and participants:

C.K. LEE, ESQ.
LEE LITIGATION GROUP, PLLC
*ATTORNEYS FOR PLAINTIFFS*
30 East 39th Street, Second Floor
New York, New York  10016

NOEL P. TRIPP, ESQ.

4831-9613-4186, v. 4

20